## SWORDS v. NUTT, County Treasurer, et al.

(Circuit Court of Appeals, Ninth Circuit. March 22, 1926.)

No. 4721.

**I. Taxation ☜10.**

National banks are subject to state taxation only as Congress expressly permits.

**2. Counties ☜22—Special assessment for local improvement on realty of national bank held not invalid, because laid in proportion to area, and not according to value (Rev. St. § 5219 [Comp. St. § 9784]).**

Assessment for local improvement, laid on land belonging to national bank in proportion to area, *held* not invalid, under Rev. St. § 5219 (Comp. St. § 9784), declaring that nothing therein shall exempt real property from state, county, or municipal taxes to the same extent, "according to its value," as other real property is taxed; assessment involved being distinct from tax, and presumably based on benefits to property.

**3. Counties ☜22—National banks are not mandatories of government, exempt from special assessment under state act (Laws Mont. 1917, c. 156, § 12).**

National banks are not mandatories of government within District Improvement Act Mont. § 12, exempting from assessment lands belonging to United States or mandatory of the government.

**4. Counties ☜22—Notice of adoption of resolution to create local improvement district held sufficient to validate assessment on land belonging to national bank, though no notice was given receiver of bank or his assignor (Laws Mont. 1917, c. 156, § 2).**

Notice of adoption of resolution to create improvement district, given to holder of legal title of part of land, the holder of legal title to remainder having signed petition for improvement, *held* sufficient, under Laws Mont. 1917, c. 156, § 2, to validate assessment on land belonging to national bank, though no notice was given receiver of bank or his assignor.

**5. Counties ☜22—Receiver of national bank held estopped to assert invalidity for want of notice to him of assessment for local improvement on bank's realty.**

Receiver of national bank, not alleging want of actual notice, who stood by and permitted county commissioners to incur expense of local improvement without objection, *held* estopped to assert invalidity of the assessment for want of notice to him of adoption of resolution creating district.

Appeal from the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Suit by George W. Swords, as receiver of the First National Bank of Billings, Mont., against Henry S. Nutt, as Treasurer of the County of Yellowstone, State of Montana, and others. From a decree dismissing the bill (9 F.[2d] 421), plaintiff appeals. Affirmed.

Geo. W. Pierson and Lloyd W. Swords, both of Billings, Mont., for appellant.

John B. Tansil and Johnston, Coleman & Johnston, all of Billings, Mont., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant, as receiver of the First National Bank of Billings, Mont., seeks in equity a decree declaring null and void a special assessment for a local improvement levied under the authority of the state of Montana upon real estate which, as property of the bank, had come into his hands as receiver. He contends that the state is without power to impose such a charge on real estate belonging to a national bank without special authorization by act of Congress, and that the assessment being a tax on said real estate, is void for not having been levied in accordance with the provisions of section 5219 of the Revised Statutes; that is to say, "according to value as other real property is taxed."

[1, 2] While it is true that national banks are subject to state taxation only as Congress expressly permits (Des Moines Bank v. Fairweather, 263 U. S. 103; Owensboro National Bank v. Owensboro, 19 S. Ct. 537, 173 U. S. 664, 43 L. Ed. 850; Farmers', etc., National Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196), section 5219 of the Revised Statutes, under the title "Regulation of National Banks" (Comp. St. § 9784), provides: "Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed."

The appellant claims support for his contention in the words of the statute restricting the taxation of real property "to the same extent according to its value as other real property is taxed," and points to the fact that in the local assessment here involved the tax is not laid according to the value of the property assessed, but in proportion to area. But it is clear that the sole purpose of section 5219 is to protect the real property of national banks against unequal assessments, or assessments that shall discriminate against the same (Mercantile Bank v. New York, 7 S. Ct. 826, 121 U. S. 138, 30 L. Ed. 895), and while the word "assessment" may be employed with different meaning, according to purpose and context, there can be no doubt that, as employed in the legislation here in question, it is distinct from a tax.

In Illinois Central Railroad Co. v. Deca-

tur, 13 S. Ct. 293, 147 U. S. 190, 37 L. Ed. 132, it was held that an exemption from taxation is to be taken as exemption from the burden of ordinary taxes, and does not relieve from the obligation to pay special assessments such as those here involved. Said the court: "The justice of demanding the special contribution is supposed to be evident in the fact that the persons who are to make it, while they are made to bear the cost of a public work, are at the same time to suffer no pecuniary loss thereby, their property being increased in value by the expenditure to an amount at least equal to the sum they are required to pay."

The power conferred upon national banks to own real estate is not a mere power to hold the legal title thereof until the property is disposed of. It is a power to hold with the usual incidents of ownership. Thus in Cooper v. Hill, 94 F. 582, 36 C. C. A. 402, it was held that a national bank may expend money in making reasonable repairs upon its lawfully acquired real estate, to put it in a condition to attract purchasers, and in Cockrill v. Abeles, 86 F. 505, 30 C. C. A. 223, it was held that, where a national bank has lawfully acquired an interest in real estate in satisfaction of a debt, it may purchase other undivided interests therein or incumbrances thereon, in order to enable it to manage or dispose of the property to better advantage.

The theory of a district improvement assessment, such as that which is here involved, is that the taxation is laid upon the basis of a supposed special benefit to the property assessed and in proportion to the amount of such benefit, and that the owner of the property so assessed pays nothing in excess of what he receives by reason of such improvement. Norwood v. Baker, 19 S. Ct. 187, 172 U. S. 269, 43 L. Ed. 443. And it must be presumed in the present case that the national bank, or the receiver, for its creditors, receives in the increased value of the property assessed an amount equal to the sum total of the assessment.

Nothing is found in the national legislation on the subject to justify the conclusion that Congress, in granting to national banks authority to own real estate, intended to absolve such property from the burdens imposed by state authority upon like lands within its domain, or that such land should be exempt from assessment for local improvements, which will add to its value an amount equal to the assessment, or that the lands of national banks should be enhanced in value at the expense of other landowners within an improvement district. In Chicago, Burl-ington, & Kansas City Railroad v. Guffey, 7 S. Ct. 693, 696, 120 U. S. 569, 575 (30 L. Ed. 732), it was said: "It is the settled doctrine of this court that an immunity from taxation by the state will not be recognized unless granted in terms too plain to be mistaken."

[3] We cannot agree with the appellant's contention that national banks are in any sense mandatories of the government, and are therefore protected by section 12 of the District Improvement Act (Laws Mont. 1917, c. 156) here in question, which excludes from assessment "lands belonging to the United States or mandatory of the government." National banks are not banks of the United States. At most they are instrumentalities or agencies authorized by the United States to be used to aid the government in the administration of an important branch of the public service. Farmers' National Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196. But the government has no property interest in them, nor has it control of their activities farther than is declared by general statutes.

In National Bank v. Commonwealth, 9 Wall. 353, 19 L. Ed. 701, the court explained the exemption of the Bank of the United States and its capital from state taxation, as declared in McCulloch v. State of Maryland, 4 Wheat. 316, 4 L. Ed. 579, by saying: "The doctrine has its foundation in the proposition that the right of taxation may be so used in such cases as to destroy the instrumentalities by which the government proposes to effect its lawful purposes in the states, and it certainly cannot be maintained that banks or other corporations or instrumentalities of the government are to be wholly withdrawn from the operation of state legislation."

[4] The legality of the assessment district is attacked on the ground, as alleged in the complaint, that notice of the adoption of the resolution to create the same was never published in a newspaper as required by law, and notice was not mailed to the appellant or to his assignor, the Bankers' Loan & Mortgage Company. The statute required that notice be published for 10 consecutive days in a daily newspaper. It is stipulated that the notice was published 10 consecutive days, beginning June 12, and ending June 21. As the time set for filing protests was June 27, 1919, the publication of the notice was clearly sufficient. Section 2, chapter 156, of the Session Laws of 1917, requires that notice be mailed to every person, firm, or corporation who owns property within the proposed district; but section 25 of the same chapter defines an owner, within the meaning of the law, and provides that service

of notice may be made by mail to either the person owning the fee or the person in whom appears the legal title by deed duly recorded, or the person in possession exercising acts of ownership over the land.

By the stipulation of the parties, Austin North, former owner of the property, was in possession of and farming the same during the farming season of 1919, and he was one of the signers of the petition for the creation of the improvement district. Notice to him was therefore unnecessary. It appears, also, that in June, 1919, while the appellant held a sheriff's certificate of sale, North held the legal title to the platted land within the improvement district, and the Elevation Company was the firm or corporation in whom stood the legal title to the unplatted portion of said land, and that a copy of the notice was addressed and mailed to the Elevation Company, in care of Austin North, and was received by him on or about June 13, 1919. The appellant, in attacking the proceedings in his complaint, makes no reference to North or to the Elevation Company, and alleges only that the notice was never received by him, the appellant, or by the Bankers' Loan & Mortgage Company. That allegation, if true, in no way affects the validity of the proceedings.

[5] The board of county commissioners, in session on July 7, 1919, made a finding that notice had been given in accordance with law. The appellant does not allege or show that he had not actual notice of the proposed improvement. He has stood by and permitted the commissioners to incur the expense of the improvement without obection on his part. On that ground he is estopped to assert the invalidity of the assessment. Power v. City of Helena, 116 P. 415, 43 Mont. 336, 36 L. R. A. (N. S.) 39.

The decree of the court below, dismissing the bill, is affirmed.