POWER, APPELLANT, *v.* CITY OF HELENA, RESPONDENT.

(No. 2,980.)

(Submitted May 11, 1911. Decided May 27, 1911.)

[116 Pac. 415.]

*Cities and Towns — Special Improvements — Sewers — Assessments—Injunction—Estoppel.*

Cities and Towns—Special Improvements—Assessments—Theory of Taxation.
　　1.　The theory upon which a municipality may levy an assessment for a special improvement, such as the construction of a sewer, is that the property charged receives a corresponding physical, material and substantial benefit from the improvement.

Same—Injunction—Complaint—Insufficiency—Estoppel.
　　2.　To make the complaint of a property-holder asking a court of equity to be relieved from the payment of a special improvement tax, levied on his property for the purpose of defraying the cost of the construction of a storm sewer, on the alleged ground that his property was so situated that it could not be benefited by the sewer, proof against a general demurrer, it must set forth that plaintiff appeared at the time

and place designated in the resolution of the council for hearing objections to the proposed improvement, and that his protest was ignored; otherwise, after the improvement is made and warrants issued in payment thereof, he is estopped upon the face of his pleading.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by T. C. Power against the city of Helena. From a judgment for defendant rendered on sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Mr. Massena Bullard* submitted a brief and argued the cause orally in behalf of Appellant.

It appears from the complaint that the storm sewer in question in this case is so situated that no water, drainage or sewage matter of any kind does or can be made to flow into or through it, or any part of it, and that the real estate of plaintiff does not, and, because of its situation cannot, receive or realize any benefit or advantage through or by means of said storm sewer. "Special taxes cannot be levied by a municipality unless the property charged receives a corresponding physical, material and substantial benefit therefrom." (*City of Owensboro* v. *Sweeney,* 129 Ky. 607, 130 Am. St. Rep. 477, 111 S. W. 364, 18 L. R. A., n. s., 181; *McCormack* v. *City of Henderson,* 33 Ky. Law Rep. 854, 111 S. W. 368; *In re East 136th Street in City of New York,* 127 App. Div. 672, 111 N. Y. Supp. 916; *Bennett* v. *City of Emmetsburg,* 138 Iowa, 67, 115 N. W. 852; *City of Lawrenceville* v. *Hennessey,* 244 Ill. 464, 91 N. E. 670; *Wiese* v. *City of South Omaha,* 85 Neb. 844, 124 N. W. 470.)

Under the facts stated in the complaint, and which, for the purpose of the demurrer, are taken to be true, the city council was without jurisdiction to tax the property of the plaintiff for the improvement. The power of the city council to tax property for such improvement is by the language of section 3384, Revised Codes, limited to property which is "served" by the improvement. The language does not call for construction. It is plain, simple and unequivocal. Without the restrictive language of the Code, the city council would be without jurisdiction to tax

the property unless the property derived some benefit. or might derive some benefit, from the improvement. But the legislature seemed determined to express itself so clearly as to leave no room for doubt as to what property might be taxed for sewer improvement.

Mr. *Edward Horsky,* in behalf of Respondent, submitted a brief and argued the cause orally.

The Montana statutes prescribe the method by which jurisdiction is acquired (Rev. Codes, secs. 3369, 3370), the opportunity to be heard and object to the acquiring of such jurisdiction, the method and the forum for making objections to any assessment, and the opportunity for modifying, either in whole or in part, any such assessment (secs. 3399, 3340). The plaintiff, having failed to appear at any time, or to make any objection, before the tribunal provided by law, cannot now be heard to complain in a forum of his own choosing. (See *Town of Tumwater* v. *Pix,* 18 Wash. 153, 51 Pac. 353; *Annie Wright Seminary* v. *City of Tacoma,* 23 Wash. 109, 62 Pac. 444; *McNamee* v. *City of Tacoma,* 24 Wash. 591, 64 Pac. 791; *City of Denver* v. *Dumars,* 33 Colo. 94, 80 Pac. 114; *Spalding* v. *City of Denver,* 33 Colo. 172, 80 Pac. 128; *Minnesota Imp. Co.* v. *City of Billings,* 111 Fed. 972, 50 C. C. A. 70; *Brown* v. *Drain,* 112 Fed. 582; s. c., 187 U. S. 635, 23 Sup. Ct. 842, 47 L. Ed. 351; *Wray* v. *Fry,* 158 Ind. 92, 62 N. E. 1005; *Smith* v. *Carlow,* 114 Mich. 67, 72 N. W. 22; *Greensburg* v. *Zoller,* 28 Ind. App. 126, 60 N. E. 1007; *Leeds* v. *De Frees,* 157 Ind. 392, 61 N. E. 930; *C. & N. W.* v. *People,* 120 Ill. 104, 11 N. E. 418; *Wilson* v. *Salem,* 24 Or. 504, 34 Pac. 9, 691; *Tumwater* v. *Pix,* 18 Wash. 133, 51 Pac. 353.) Moreover, the determination by the city council as to what property is specially benefited in an improvement district matter is conclusive in the absence of fraud for the purpose of levying assessments to pay for such improvement. (*McNamee* v. *Tacoma, Wray* v. *Fry, supra; Michner* v. *Philadelphia,* 118 Pa. 535, 12 Atl. 174; *Turnquist* v. *Cass Co. Com.,* 11 N. D. 514, 92 N. W. 852.)

Where the city council has regularly assessed property for street improvements, and given notice to property owners to file objections to the assessment within a certain time, as required by statute, an owner who fails to object cannot thereafter collaterally attack the validity of the assessment; the case at bar is a collateral attack. (*Shank* v. *Smith,* 157 Ind. 401, 61 N. E. 932, 55 L. R. A. 564; *Greensburg* v. *Zoller, McNamee* v. *Tacoma, supra.*) It is only in cases of fraud or corruption that the proceedings of the city council can be collaterally attacked. The attack in the case at bar is collateral, for the reason that the particular point made, to-wit, the alleged lack of benefit to the property, does not appear upon the face of the special improvement district resolution and proceedings of the city concerning said district. The attack, therefore, consists of a subject predicated upon matters outside the city's records and proceedings covering said special improvement district. If the attack involved some matter appearing on the face of the proceedings, or if upon the face of the city's proceedings, there appeared to be some jurisdictional noncompliance with the statutory requirements, then a collateral attack could be successfully invoked; but not otherwise. (See *Greenburg* v. *Zoller, supra.*)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On August 1, 1906, the city council of Helena passed, and the mayor approved, a resolution entitled: "A resolution creating special improvement district No. 17, describing the boundaries thereof, the character of improvements to be made therein and the estimated cost thereof." The resolution designates August 13, 1906, and the city council chamber, as the time and place for hearing objections. On August 13, the resolution was finally adopted. The purpose for which the district was created was to procure a right of way for and construct a storm sewer. Within the boundaries of the district is property owned by the plaintiff. In 1907 the city levied a tax upon all the property situated within the district to defray the cost of the improve-

ment. The plaintiff declined to pay the tax and instituted this suit to secure an injunction restraining the city from attempting to enforce the tax against his property. In addition to the facts narrated above, the complaint sets forth: "That the said described real estate is situated within the boundaries of said special improvement district No. 17, but lies below the mouth or outlet of the storm sewer provided for in said resolution, and is so situated that no water, drainage, or sewage matter of any kind does or can be made to flow into or through said storm sewer, or any part thereof, and said real estate does not, and because of its situation cannot, receive or realize any benefit or advantage from, or by means of, said storm sewer." To this complaint a general demurrer was interposed and sustained, and plaintiff, electing to stand upon his pleading, suffered judgment to be entered against him, and appeals.

The regularity of the proceedings of the city in creating the special improvement district is not called in question. From the facts pleaded and the legal presumptions arising therefrom, it may be conceded that the resolution was regularly passed; that its contents are sufficient; that the required notice was given; and that plaintiff did not appear or object to the improvement or to the inclusion of his property within the district. The position of the appellant is that, since his property is so situated that it cannot be drained by the sewer and cannot receive any benefits from the improvement, he was not required to heed the notice or object to the proceeding before the council, but may invoke the aid of a court of equity for relief in the first instance. The character of the improvement is such as to make applicable section 3384, Revised Codes, which reads as follows: "Whenever a sewer serves as an outlet for the district or lateral sewers which drain a limited area, but which cannot justly be considered a public sewer benefiting the entire city or town, its cost, or any part thereof may be defrayed by special assessment levied against all the property which it serves as a drain, each lot or parcel of land benefited thereby to be assessed in the proportion which its area bears to the area of all the property affected or benefited thereby, exclusive of streets, alleys and

public places. Said levy may be made at the time of the construction of said sewer or at any future time."

If it appeared from the face of the council proceedings that plaintiff's property is so situated that it is a physical impossibility for it to be benefited, or that the amount of the tax assessed against it clearly exceeds the benefit to be derived from the improvement, then the complaint would be invulnerable; for it is the settled law in this country that "the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation." (*Norwood* v. *Baker,* 172 U. S. 269, 19 Sup. ·Ct. 187, 43 L. Ed. [1] 443.) "The whole theory of local taxation or assessments is that the improvements for which they are levied afford a remuneration in the way of benefits." (*McCormack* v. *Patchin,* 53 Mo. 33, 14 Am. Rep. 440.) "Special taxes cannot be levied by a municipality unless the property charged receives a corresponding physical, material, and substantial benefit therefrom." (*City of Owensboro* v. *Sweeney,* 129 Ky. 607, 130 Am. St. Rep. 477, 111 S. W. 364, 18 L. R. A., n. s., 181.) And the meaning of "special benefit" is very clearly stated by the supreme court of Iowa in *Bennett* v. *City of Emmetsburg,* 138 Iowa, 67, 115 N. W. 582, as follows: "A lot derives 'special benefit' from the construction of a sewer, within the meaning of a statute and ordinance providing that assessments shall be made in proportion to special benefits, when the sewer is so situated and constructed that connection can be had therewith, as the opportunity presented for individual use determines the question of special benefit."

Dismissing these questions from further consideration as settled beyond controversy, there remains but the single inquiry: May a property-holder invoke the aid of a court of equity in the first instance to relieve him from an assessment for special improvements upon the ground that his property is so situated that it is impossible for it to obtain any benefit? The respondent city contends that, since the legislature has designated the city

council as a special tribunal before which objections to the creation of the proposed improvement district and to the proposed tax may be made and heard, the presentation of objections to that tribunal is a condition precedent to the right of the property-holder to go into a court of equity for relief, in the absence of fraud or lack of jurisdiction appearing upon the face of the council's proceedings. The purpose of requiring notice to be given and a hearing had by the council upon any objections to the creation of a special improvement district or assessment made therefor, is to give an opportunity to any interested property-holder to be heard and to show, if he can, that his property will not derive any special benefit from the improvement, or that his property is made to bear an unjust proportion of the burden of taxation, but equally, also, is it to enable the city to correct any errors or mistakes, and, if any appear, to readjust itself before expense has been incurred or warrants have been issued. In the present instance, if the property of plaintiff and others similarly situated can be relieved from the tax, innocent third persons who have done the work and received the warrants must suffer, or the owners of the remaining property within the district must bear the burden of the entire assessment. It may be that a particular property-holder whose property will be benefited was willing to have the improvement made, provided all the property within the proposed boundaries of the district shared in the expense, but would not have been willing if one-half of the property was excluded and the remaining portion left to bear the entire burden.

While we have not been able to find any case directly in point and the decision of the question presented is not without [2] difficulty, it seems to us that upon principle the doctrine of estoppel *in pais* is applicable here; that the failure of the plaintiff to appear before the council and object, not only deceived the city, but other property-holders as well, and led the city to incur expense which cannot otherwise be met; that now, after the expense has been incurred, the improvement made, and warrants issued, it would be altogether inequitable to permit the plaintiff to escape his proportion of the tax. He is estopped at

this late day to say that his property will not be benefited. (*Annie Wright Seminary* v. *City of Tacoma,* 23 Wash. 109, 62 Pac. 444.)    This appears to be the general rule.    (28 Cyc. 1171, 1174.)    Of course, if the fact that plaintiff's property cannot receive any benefit from the improvement appeared from the face of the city's proceedings, the want of jurisdiction would be apparent, and a collateral attack upon the assessment could be maintained.    But such is not the case here.    To make it appear that plaintiff's property cannot be benefited requires evidence *dehors* the record; evidence as to the location of plaintiff's land with reference to the sewer and the contour of the country.

Since it does not appear affirmatively from the face of the city's proceedings that plaintiff's property cannot be benefited, the city acquired jurisdiction to make the improvement and levy a just proportion of the tax against plaintiff's property in the first instance. (Rev. Codes, sec. 3370.)  The plaintiff here seeks the aid of a court of equity, and, in order to give him standing, he must allege the facts necessary to entitle him to equitable relief.  In our opinion, those facts, in addition to the ones pleaded, are that he appeared before the tribunal appointed by law to receive his protest, and that his protest was ignored. Failing to make this allegation, he is estopped upon the face of his complaint, and does not state facts entitling him to equitable relief.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.