POOL, RESPONDENT, *v.* TOWN OF TOWNSEND ET AL., APPELLANTS.

(No. 4,119.)

(Submitted April 12, 1920. Decided July 24, 1920.)

[191 Pac. 385.]

*Cities and Towns—Taxation—Special Improvement Districts— Additions—Estoppel—Injunction—Judgments.*

Cities and Towns—Taxation—Special Improvement Districts—Estoppel.
  1.  Failure of an owner of town property to make protest to the creation of a special improvement district comprising an area of 14,000 square feet did not estop him from thereafter complaining of the inclusion of an additional area of equal extent made without his knowledge or consent, and of the proportionate increase in his tax.
Same—When Tax Void *Ab Initio.*
  2.  A special improvement tax on an addition to a town not within its limits at the time the district was created is void *ab initio.*
Same—Additions—How Accomplished—Common Law.
  3.  Since the Codes provide the means whereby an addition may become a part of a city or town, the means so provided are exclusive, and the method by which the same result might be reached under the common law has no application.
Same—Additions—Filing of Plat not Alone Sufficient.
  4.  The approval of the mayor and council of a city or town is, under section 3212 of the Revised Codes, essential to bring it within the jurisdiction of the council, the filing of the map alone being insufficient.
Same—Taxation—Injunction—Judgment Too Broad, When.
  5.  Where only a portion of a special improvement tax was illegal because imposed upon land not within the town limits at the time

the district was created, a judgment enjoining the collection of the entire tax, part of which was on property properly included in the district and therefore justly due, was too broad; judgment therefore modified to apply to only that portion illegally imposed.

[The question of municipal taxation of rural lands within the limits of the corporation is discussed in notes in 34 **L. R. A.** 193; 27 **L. R. A.** (n. s.) 695.]

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; R. Lee Word, a Judge of the First District.*

Suit by G. E. Pool against the Town of Townsend and B. Williams, Treasurer of Broadwater County, to restrain the collection of taxes. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

*Mr. Edward Horsky,* for Appellants, submitted a brief; *Mr. Thos. E. Davis,* of Counsel, argued the cause orally.

The town council of Townsend intended the resolution of May 13, 1913, to be a resolution of intention, and acted upon it as such. The omission of the words "of intention" after the word "resolution," in the caption of the resolution, was at the best a mere informality, as there is nowhere any requirement in the statute that any resolution need have any title whatsoever; and none, therefore, is necessary, although it is required in the case of an ordinance. As was said by the supreme court: "A mere informality in the resolution ought not to render the effort to acquire jurisdiction nugatory and doubtless would not if the subsequent proceedings in pursuance of it were in conformity with the statute." (*Shapard* v. *City of Missoula,* 49 Mont. 269, 280, 141 Pac. 544.)

Notice of passage of resolution of intention was actually given by publishing, by posting, and by mailing. The mere fact that the affidavit of publication was not filed with the clerk until December 14, 1915, would not invalidate, or affect the validity of, the proceedings. The real question is whether the notice was actually published, and not whether the clerk procured the affidavit or recorded all the items that would be helpful in proving

that fact. Such provisions are directory merely. (*Marth* v. *City of Kingfisher*, 22 Okl. 602, 18 L. R. A. (n. s.) 1238, 98 Pac. 436.) "The very best evidence is the thing itself"—in this instance, the newspaper files. If, for example, there was an affidavit of publication on file, it would only be *prima facie,* and the newspaper files themselves are always competent to prove whether or not a certain notice thereof recited in the affidavit had been published for a given number of issues. Where service is actually made, it will be sufficient regardless of its return, or in the absence of its return (*Dyer* v. *Woods,* 166 Ind. 44, 76 N. E. 624), and where proof of publication is defective, parol evidence is admissible to supply the defect. (*Clinton* v. *Portland,* 26 Or. 410, 38 Pac. 407.) If the statute provides for service by mailing notices, it is sufficient if the notices are mailed, in accordance with the provisions of the statute. (*City of Chicago* v. *Galt,* 225 Ill. 368, 80 N. E. 285; *People ex rel. Coffman* v. *Ryan,* 225 Ill. 359, 80 N. E. 279; *Elgin etc. Ry. Co.* v. *Hohenshell,* 193 Ill. 159, 61 N. E. 1102; *Chicago etc. Ry. Co.* v. *People,* 154 Ill. 256, 40 N. E. 342; *McChesney* v. *People,* 145 Ill. 614, 34 N. E. 431.)

The plaintiff did none of the things which under Chapter 89, Laws of 1913, he could have done; he stood by, remained silent, and failed to appear at any time or to make any objection before the tribunal provided by law, and cannot now be heard to complain in court; and this court has held that the necessity for appearing and objecting in the manner required by the statute is a condition precedent, and must be both pleaded and proved, and that plaintiff is estopped to complain or claim any relief. (*Power* v. *City of Helena,* 43 Mont. 336, 342, 36 L. R. A. (n. s.) 39, 116 Pac. 415; *McNamee* v. *City of Tacoma,* 24 Wash. 591, 64 Pac. 791; *Spalding* v. *Denver,* 33 Colo. 172, 80 Pac. 126; *Minnesota etc. Imp. Co.* v. *Billings,* 111 Fed. 972, 50 C. C. A. 70; *Brown* v. *Drain,* 112 Fed. 582; s. c., 187 U. S. 635, 47 L. E. 343, 23 Sup. Ct. Rep. 842 [see, also, Rose's U. S. Notes]; *Wray* v. *Fry,* 158 Ind. 92, 62 N. E. 1004; *Smith* v. *Carlow,* 114 Mich. 67, 72 N. W. 22;

*City of Greensburg* v. *Zoller,* 28 Ind. App. 126, 60 N. E. 1007; *Chicago & N. W. Ry. Co.* v. *People,* 120 Ill. 104, 11 N. E. 418; *Wilson* v. *City of Salem,* 24 Or. 504, 34 Pac. 9, 691.)

The burden of proof was upon plaintiff to show that the taxing power was not lawfully exercised, or that there are fatal infirmities in the proceedings leading up to the tax levy. (*Parrotte* v. *City of Omaha,* 61 Neb. 96, 84 N. W. 602.) The actions of municipal authorities making an assessment for special improvements comes within the protection of the general maxim that public officers are presumed to have rightly acted until the contrary is clearly. made to appear. (McQuillin on Municipal Corporations, sec. 2117; *Barber Asphalt Paving Co.* v. *Ullman,* 137 Mo. 543, 38 S. W. 458.)

That a mistake in the description of property to be included in the improvement district is not such a mistake as will affect the jurisdiction of the council in creating a special improvement district is recognized in a California case, where the court said: ''The said resolution does not show on its face what the district created really was; but at all events, the matter of the size of the district is not jurisdictional.'' (*O'Dea* v. *Mitchell,* 144 Cal. 374, 77 Pac. 1020.)

Where a city has incurred the expense of an improvement without objection and then has assessed the benefits, it is too late for a party assessed to object that the ordinance is invalid. (*Greater Newark Associates* v. *City of Newark,* 79 N. J. L. 331, 75 Atl. 745; *Walsh* v. *First Nat. Bank,* 139 Mo. App. 641, 123 S. W. 1001; *Farrington* v. *City of Mount Vernon,* 51 App. Div. 250, 64 N. Y. Supp. 863; affirmed, 166 N. Y. 233, 59 N. E. 826; *Rosell* v. *Neptune City,* 68 N. J. L. 509, 53 Atl. 199; *Haughawout* v. *Raymond,* 148 Cal. 311, 83 Pac. 53; *City of New Whatcom* v. *Bellingham Bay Imp. Co.,* 18 Wash. 181, 51 Pac. 360.)

A property owner is estopped from enjoining the collection of excessive installments of an assessment to pay for a public improvement, where he has voluntarily paid the first installment thereof and watched in silence the letting of the contract

and the completion of the improvement, and has accepted all the benefits thereof. (*Stewart Co.* v. *City of Flint*, 147 Mich. 697, 111 N. W. 352; *People* v. *Raymond*, 248 Ill. 124, 93 N. E. 727; *McDonald* v. *People*, 206 Ill. 624, 69 N. E. 509.)

*Mr. E. H. Goodman*, for Respondent, submitted a brief.

"The due publication. of these notices (notice of intention to establish a road) was the only means by which the county court could acquire jurisdiction of the matter, and, the record failing to show that the method prescribed · by statute had been pursued, it never acquired jurisdiction to make the order declaring the proposed road a public highway." (*Cameron* v. *Wasco County*, 27 Or. 318, 41 Pac. 160.) "In cases of this nature, where public officers are proceeding summarily to deprive the owners of their land, jurisdictional facts must be distinctly shown, and · are not to be made out by a general averment, which amount to no more than a statement that the law has been complied with." The records must show· the facts so that we may see whether the law was complied with or not. (*Dupont* v. *Highway Commrs.*, 28 Mich. 362.) The rule with respect to courts of special and limited authority is that their jurisdiction is never presumed, but must affirmatively appear by sufficient evidence and proper averment in the record. (17 Am. & Eng. Ency. of Law., p. 1082.) "Proof of the publication or posting of any notice provided for herein shall be made by affidavit of the owner, publisher, printer or clerk of the newspaper, or the poster of the notice." (Subd. 4, Chap. 9, Laws 1913.) That the records and files of the town council failed to show these facts is uncontradicted, and is admitted by the testimony of the clerk of the town.

The admission of the oral testimony of T. N. Averill of the publication and mailing of the notices, over the objections of the plaintiff, was erroneous, in that it was an attempt to prove the official acts of the town council by parol testimony. (Sec. 7896; subd. 5, sec. 7924, Revised Codes; *Stephens* v. *Nacey*, 49 Mont. 230, 141 Pac. 649.)

"Special taxes cannot be levied by a municipality unless the property charged receives a corresponding, physical, material and substantial benefit therefrom." (*Power* v. *City of Helena,* 43 Mont. 336, 36 L. R. A. (n. s.) 39, 116 Pac. 415; *City of Owensboro* v. *Sweeney,* 129 Ky. 607, 130 Am. St. Rep. 477, 18 L. R. A. (n. s.) 181, 111 S. W. 364.)

"The exaction from the owner of private property for the cost of a public improvement in substantial excess of the special benefit accruing to him is, to the extent of the excess, a taking, under the guise of taxation, of private property for public use without compensation." (*Power* v. *City of Helena supra; Village of Norwood* v. *Baker,* 172 U. S. 269, 43 L. Ed. 443, 19 Sup. Ct. Rep. 187 [see, also, Rose's U. S. Notes].) The whole theory of local taxation or assessments is that the improvements for which they are levied affords a remuneration in the way of benefits. (*McCormack* v. *Patchin,* 53 Mo. 33, 14 Am. Rep. 440.) The assessable value of plaintiff's lots in this district and subject to tax was $70. The tax levied by the Resolution was $402. The cost of the improvements to plaintiff far exceeds the value of his land, and, if enforced, is confiscatory.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was instituted to secure an injunction restraining the town of Townsend and the county treasurer, as *ex-officio* collector of taxes for the town, from enforcing the payment of a tax to defray the expense of certain special improvements made pursuant to proceedings taken by the town council in 1913. Plaintiff alleges that he is, and at the time special improvement district No. 4 was sought to be created was, the owner of fractional lots 5, 6, 7 and 8 in block 17, original town site of Townsend, with an area of 14,069 square feet. The history of the council proceedings is then recited, and it is alleged that on September 29, 1913, the council passed a resolution, levying a tax upon the property within the dis-

trict, apportioning to plaintiff the amount of tax due upon his property upon the basis of 14,069 square feet, but that thereafter, in 1914, the council wrongfully, and without notice to plaintiff, changed the apportionment, and for that year levied the tax against his property upon the basis of 28,400 square feet of area; that plaintiff tendered the amount justly due, but the tender was refused, and defendants threaten to sell his property in order to realize the larger amount demanded.

The answer admits that the tender was made and refused, and that defendants intend to proceed to sell plaintiff's property unless restrained, and generally denies all the other material allegations of the complaint. The trial resulted in a judgment in favor of plaintiff, and defendants appealed.

In so far as plaintiff's attack is directed to the procedure by the town council, it is without avail. The same questions were presented and determined adversely to the contentions made, in *Harvey* v. *Town of Townsend,* 57 Mont. 407, 188 Pac. 897.

Defendants insist that plaintiff is estopped to complain be-
[1]   cause he made no protest to the creation of the district; but there was no occasion for protest if plaintiff was satisfied, but his failure to protest against proceedings which involved a tax based upon an area of 14,069 square feet cannot be urged against his right to be heard to question the town's authority to increase the area and his tax proportionately. He might have been willing in 1913 to pay the tax based upon an area of 14,069 square feet, and altogether unwilling to pay the tax for 1914 based upon an area of 28,400 square feet, and he certainly is entitled to be heard to question the council's right to make the increase without his knowledge or consent.

Upon the trial it developed that in addition to fractional lots 5, 6, 7 and 8, plaintiff owned certain fractional lots in the Potts-Harrison addition, which adjoin fractional lots 5, 6, 7 and 8, and that these two groups of fractional lots apparently make out four full-sized lots, though this does not appear defi-

nitely. It appeared, further, that the boundaries of special improvement district No. 4 were intended to include the fractional lots in the Potts-Harrison addition, as well as the fractional lots in the original town site. The only controverted question now before this court involves the legality of the council's proceedings in attempting to include the territory in the Potts-Harrison addition. If that addition was a part of the town at the time the district was created, plaintiff cannot complain. He is called upon to pay only his just proportion of [2] the expense. If, however, the addition was not a part of the town in 1913, and was not subject to the jurisdiction of the council for the purpose of creating the improvement district which included a portion of it, then plaintiff is entitled to be heard upon his contention that the tax based upon the area included in the fractional lots in the addition is void *ab initio.*

The record discloses that the plat of the Potts-Harrison addition was filed in the office of the county clerk and recorder of Broadwater county on August 4, 1908, but was not approved by the mayor and council of Townsend until April 30, 1914, several months after district No. 4 was created.

Counsel for defendants insist that, even though the statute [3] was not followed, there was a common-law dedication and acceptance of the streets and alleys within the addition, and *Kaufman* v. *City of Butte,* 48 Mont. 400, 138 Pac. 770, is cited in support of the contention; but it is one thing to dedicate the streets and alleys to public use as highways and quite another thing to bring the addition within the town's limits and subject the property to the payment of town taxes. "In this state there is no common law in any case where the law is declared by the Code." (Sec. 6213, Rev. Codes.) If, then, the Codes provide the means by which an addition becomes a part of a city or town and subject to its jurisdiction, the means so provided must be held to be exclusive.

Section 3212, Revised Codes, provides: "Whenever territory adjoining any incorporated city or town is surveyed, and laid

off into streets or blocks as an addition thereto, upon filing the map or plat thereof in the office of the county clerk, said territory may become a part of such city or town, upon the approval of the mayor and a majority of the council indorsed thereon.''

The meaning of this language is too plain to admit of doubt [4] or controversy. The filing of the plat did not operate to bring the addition within the town. It became a part of the town and subject to the jurisdiction of the council only when the plat was approved by the mayor and council and the approval indorsed thereon. Since this plat was not approved until long after district No. 4 was created, it follows, as of course, that the property of plaintiff within the Potts-Harrison addition was not a part of the town at the time the district was created, and was not subject to the jurisdiction of the council, and cannot be made subject to the payment of the tax sought to be imposed upon it. (*Farlin* v. *Hill*, 27 Mont. 33, 69 Pac. 239.)

Counsel for defendants insist that the question just determined was not raised by the pleadings; but so far as the record discloses, plaintiff did not know upon what theory defendants refused his tender of the taxes due upon his property within the original town site. Furthermore, it does appear that the question whether the Potts-Harrison addition was within the town was injected into this proceeding by defendants themselves, as is indicated by the question propounded to the witness Louis K. Pool. In any event we think the question was properly before the court, even though plaintiff's complaint might have been made more definite and certain. A great deal of evidence was introduced upon the subject, and plaintiff ought not to be subjected to a burden of taxation imposed by the council upon property not subject to its jurisdic- [5] tion. The judgment entered in this instance, however, restrains the collection of the entire tax, and in this respect is too comprehensive.

The cause is remanded to the district court, with directions to modify the judgment so as to restrain the collection of the tax in so far as it is computed upon an area in excess of 14,069 square feet, and, when so modified, will stand affirmed. Each party will pay his own costs of this appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.

MR. JUSTICE MATTHEWS, being disqualified, takes no part in the foregoing decision.