ELIZABETH KLAMM, Affiant and Appellant, v. THE CITY OF MILES CITY, and M. J. FLINN, Assessor of Custer County, and HARRY L. STAMP, Treasurer of Custer County, Respondents.

No. 10121.
Submitted June 14, 1960. Decided July 8, 1960.
Rehearing denied July 27, 1960.
353 P.2d 752.

Horace J. Dwyer, Anaconda, for appellant.

Horace J. Dwyer argued orally for appellant.

James P. Lucas, Miles City, for Flinn & Stamp.

Bruce M. Brown, Miles City, for the City.

Bruce M. Brown argued orally for respondents.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

Plaintiff applied to the district court of the sixteenth judicial district, Custer County, for a writ of certiorari to be directed to the City of Miles City, Montana, and the assessor and treasurer of Custer County, Montana. Following issuance of the writ the proceedings were dismissed as to the assessor and treasurer of Custer County, Montana, and proceeded against the city, which filed a return to the writ. Following a trial before the court, sitting without a jury, judgment was entered dismissing the action and the plaintiff appealed.

It appears that on April 14, 1958, the City of Miles City adopted a resolution to extend the city limits to include certain real property, a portion of which was owned by the plaintiff. Notice in writing was given to all property owners and on May 12, 1958, the city adopted a resolution so extending the city limits and directing the city engineer to file in the office of the county clerk and recorder of Custer County a plat or survey of the parcel of land so annexed. This plat and survey was thereafter prepared and filed on August 6, 1958.

This proceeding was commenced on July 14, 1959, and charged that the city had failed to comply with the statutory provisions relating to annexation of outlying territory; that the city exceeded is jurisdiction, and had illegally annexed the property of the plaintiff. The contentions of the plaintiff involve two questions, the first being, does a plat and survey have to be filed prior to an annexation in a second-class city; and second, does the description contained in the resolutions passed by the city adequately describe the land sought to be annexed.

 Turning to the first question, it is plaintiff's contention that section 11-403, R.C.M.1947, requires that the property sought to be annexed be platted and the plat filed in the office of the county clerk and recorder before a resolution can be passed. Section 11-403 is divided into two parts, the first having to do with cities of the first class, and that portion of the statute provides that as to first-class cities such a requirement as contended by the plaintiff is a prerequisite. However,

the second part of the section deals with cities and towns of the second and third class, and no such requirement is there laid down. It was stipulated that Miles City is a city of the second class.

Plaintiff contends that section 11-403 was interpreted by this court in Penland v. City of Missoula, 132 Mont. 591, 318 P.2d 1089, in its entirety and that this court in that case made no distinction between cities of different classes. The City of Missoula is a first-class city and in that case we were dealing only with the provisions of section 11-403, which pertain to a first-class city. There was no reason to make any distinction between cities of different classes because only one city was involved, that being a city of the first class. In this cause, we are dealing with a city of the second class and we then must follow the statute insofar as it relates to cities of that class. The case of Pool v. Town of Townsend, 58 Mont. 297, 191 P. 385, cited by the plaintiff, was decided by this court prior to the amendment of section 11-403 by the Legislature in 1925, and therefore is inapplicable under the law as it now stands. There is no merit to plaintiff's first contention.

Turning to the second question that the description contained in the resolution inadequately described the land. The description reads as follows:

"That portion of the SE ¼ of the SW ¼ of Section 27, described as follows: From the quarter corner common to Sections 27 and 34 or the intersection of Leighton Boulevard and Strevell Avenue, thence northerly along Strevell Avenue, extended to the Northeast corner of the SE ¼ of the SW ¼ of Section 27; thence westerly to the northeast corner of East High School Addition; thence southwesterly along the north boundary of the N. P. railway to the intersection of Leighton Boulevard or the Section Line; thence easterly along the Section line or Leighton Boulevard to the intersection with Strevell Avenue, the point or beginning."

68

The inadequacy complained of is the omission of the township and range wherein section 27 is located, being township 8, north of range 47 E.M.P.M. It is contended by the city that the description is sufficient in that the resolution states that the land is contiguous to the boundaries of the city and specifically refers to the intersection of Leighton Boulevard and Strevell Avenue and to the northeast corner of the East High School Addition, and that such intersections clearly appear upon plats filed as public records in the county clerk and recorder's office and show the beginning point for the description. The city engineer testified that the description in the resolutions was sufficient and accurate. Plaintiff offered no evidence that the description was inaccurate or insufficient, other than that the township and range had been omitted. The district court found that the description was ''sufficient to correctly set forth the land to be embraced within the city and location of property involved is readily ascertainable from the description and an examination of the public records in the office of the Custer County Clerk and Recorder.'' We see no reason to disturb such finding. We find no merit to other contentions of the plaintiff.

The judgment is affirmed.

MR. JUSTICES BOTTOMLY, ADAIR, CASTLES, and ANGSTMAN concur.