No. 80-110

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

NILSON ENTERPRISES, INC.,

                Plaintiff and Appellant,

    vs.

CITY OF GREAT FALLS,

                Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Ronald D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Jardine, Stephenson, Blewett and Weaver, Great Falls,
        Montana
        Gary W. Bjelland argued, Great Falls, Montana

    For Respondent:

        David V. Gliko, City Attorney, argued, Great Falls,
        Montana

---

Submitted: November 24, 1980

Decided: DEC 18 1980

Filed: DEC 18 1980

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Nilson Enterprises (taxpayer) appeals an adverse decision of the Cascade County District Court, upholding an annexation by the City of Great Falls (City).

Taxpayer filed a complaint against the City on January 28, 1974, attempting to recover a special improvement district assessment for the fiscal year ending June 30, 1974. The taxpayer had made the payment under protest on November 30, 1973. The taxpayer charged that the City had no jurisdiction to create a special improvement district, and, therefore, the assessment was invalid as it was based on an invalid annexation.

On November 21, 1974, the City and the taxpayer entered into a stipulation agreeing that, if taxpayer made any further payments under protest before the final determination of the suit, it would not be required to initiate any other suit. On June 21, 1977, the parties further stipulated to a set of facts, agreed that no evidentiary hearing or trial would be required, agreed that all parties would file their motions for summary judgment on the record as it stood, and finally agreed that the case would be ultimately decided at the District Court level, subject to appeal. The City and the taxpayer both filed motions for summary judgment with supporting briefs. On January 16, 1980, the District Court found in favor of the City, determining that the assessment and annexation were proper. Taxpayer appeals.

The facts are undisputed. Taxpayer is a Montana corporation doing business and owning real property in Cascade County. The City of Great Falls is a municipal corporation. In September 1972, the city council passed a resolution to

extend the boundaries of the City to include two additional tracts of land, which were contiguous to the municipal city limits. Taxpayer's property, prior to annexation, was not contiguous to the city limits.

At all times during this action the State has had and still does have an interest in the real property described as Tracts 1 and 2--namely, a highway pursuant to a right-of-way deed. The annexation was approved by the mayor on September 12, 1972. On September 25, 1972, the City declared its intention to create a special lighting district, relying on the annexation for its validity. Taxpayer was assessed and ordered to pay taxes of $389.81 and did so under protest. Taxpayer has paid its assessment under protest every fiscal year since 1974.

At the heart of the issues raised by the taxpayer is a challenge to the validity of the City's jurisdiction to make assessments against the taxpayer's property. Taxpayer argues that the actions by the City, both the annexation and the assessments, are void ab initio. Involved here is a statute which, if properly followed, authorizes a city to assess a special improvement tax on property outside of, yet contiguous to, the city limits. The tax liability depends on whether the property in issue has been properly made contiguous to the city's boundaries. If it has not, there is no liability.

Taxpayer submits three issues for review:

1. Does a taxpayer who has been assessed special improvement taxes under a statute authorizing taxation of land which is "contiguous" to a city have the capacity to challenge the annexation proceeding which made its own land contiguous to the city?

-3-

2. Does a city's failure to file a land description, certificate of ownership, or owner's statement of a desire to have the land annexed render annexation proceedings void ab initio?

3. Does a taxpayer's failure to protest annexation or a special improvement tax immediately after notice estop it from challenging later?

Section 11-511, R.C.M. 1947 (now section 7-2-4402 et. seq., MCA), restricts the right of a municipality to annex land in which the State of Montana has any beneficial interest, such as the State of Montana had in the property designated as Tracts 1 and 2 in this case. This statute provides in pertinent part:

> "Contiguous land owned by government--desire for annexation--procedure. Whenever any land contiguous to a municipality is owned by the United States or by the state of Montana, or by any agency, instrumentality, or political subdivision of either, or whenever any of the foregoing have a beneficial interest in any land contiguous to a municipality, such land may be incorporated and included in the municipality to which it is contiguous, and may be annexed thereto and made a part thereof, in the following manner:

> "1. The administrative head of the owner of the land, or the administrative head of the holder of a beneficial interest in the land, shall file with the clerk of the municipality a description of the land, a certification of ownership or of beneficial interest therein, and a statement that the owner of, or the holder of, the beneficial interest in the land desires to have it annexed. Whereupon, the governing body of the municipality shall pass a resolution reciting its intention to annex the land and setting a time and place for a public hearing thereon." Section 11-511, R.C.M. 1947. (See sections 7-2-4402, -4403, -4404, MCA). (Emphasis added.)

On May 24, 1972, in response to the City's request for the Montana State Highway Department's policy on annexation of state highway land, Robert E. Champion, supervisor of the

right-of-way section of the Montana Highway Department, stated: "In general there would be no objections to annexation providing such action precludes the levy of any assessment against the highway right of way." The City asserts that Champion's letter substantially complies with the requirements of the statute even though nothing was filed with the city clerk.

In its decision in favor of the City, the District Court reasoned:

> "To prove that the annexation was void ab initio, the plaintiffs argue that the filing requirements of M.C.A., 1979, Section 7-2-4403, requiring filing by the owner of a land description, a certification of ownership, and a statement that the owner desired to have the land annexed, were not followed. These irregularities do not seem glaring enough to deprive the City of jurisdiction. The Courts which have considered the matter have generally found that a City's annexation is void for lack of jurisdiction in only three (3) instances: 1) Where one city attempts to annex part of another city; 2) Where a city attempts to annex property not adjacent to it in a contravention of statute, and 3) Where a city attempts to annex without consent of the landowners of the new territory. Annot., 13 ALR2d 1279, 1292 (1950); Barton v. Stucky, 121 Okla. 226, 248 P. 592 (1926). Plaintiffs allege none of these."

Taxpayer asserts that there exists a fourth ground for invalidating a city's annexation as being void ab initio: where a city fails to comply with all the mandatory requirements of statutory law. 2 McQuillin, Municipal Corporations, Sec. 7.29 at 422; Pool v. Town of Townsend (1920), 58 Mont. 297, 304, 191 P. 385, 386.

> ". . . If, then, the Codes provide the means by which an addition becomes a part of a city or town and subject to its jurisdiction, the means so provided must be held to be exclusive." Pool, 58 Mont. at 304, 191 P. at 386.

The continued validity of Pool was recently underscored twice by this Court in Gregory v. City of Forsyth (1980), ___ Mont. ___, 609 P.2d 248, 37 St.Rep. 277, 279, and Balock v. Town of Melstone (1980), ___ Mont. ___, 607 P.2d 545, 37 St.Rep. 288, 291.

The Court in Gregory, 609 P.2d at 252, stated:

"The general rule is that municipal boundaries may be extended only as prescribed by law. 2 McQuillin, Municipal Corporations, Sec. 7.14 at 317 (3rd rev. ed. 1979). Since the jurisdiction of a city to extend its boundaries is a special power, conferred by the legislature, a substantial compliance with all the mandatory requirements of statutory law is essential. McQuillin supra, Sec. 7.29 at 422; Pool v. Town of Townsend (1920), 58 Mont. 297, 304, 191 P. 385, 386."

The gist of taxpayer's argument is that the City neither complied with the statutory requirements nor secured the State's consent, and that either failure denied the City of the jurisdiction to validly annex the property and levy assessments against it. The City's view is that Champion's letter served as evidence of the State's consent and that it also served as substantial compliance with statutory requirements. We find for the taxpayer.

As to the issue of consent, we conclude that the City had a qualified or conditional consent at best. The consent by the State of Montana, tacitly given by Champion in his May 24 letter, was clearly subject to the absence of any levy against the highway right-of-way. Although notified of the conditional nature of the State's consent to the annexation, the City promptly levied an assessment against the property interest of the State. By affidavit in the record, Champion stated with regard to his May 24 letter:

"This statement embodied the policy of my office and subject to the provision regarding assessment against the Montana Department of

-6-

Highways right of way, my office had no objection to such annexation on the date of that letter. However, since the annexation took place, the City of Great Falls has levied assessments against the property of the State of Montana highway right of way. These assessments have not been paid by the State and have been strongly resisted.

". . .

"Also, neither my office nor, to the best of my knowledge and belief, any other office of the State of Montana, Department of Highways, has ever filed with the Clerk of the City of Great Falls a description of the land to be annexed, a certification of ownership or of beneficial interest therein, or a statement that the Department of Highways desired to have the land annexed.

"The Department of Highways has and will continue to resist any levy of assessments against its highway right of way pursuant to the annexation of this land and the creation of the appurtenant special lighting district."

Contrary to the finding of the District Court, the taxpayer did challenge the annexation on the issue of the State's consent. Any consent given by the State was clearly forsaken by the City's decision to levy an assessment against the State's property. Without the property owner's consent the City was without the jurisdiction to proceed with the annexation. The annexation was void ab initio. Annot., 13 A.L.R.2d 1279, 1292 (1950).

Moreover, we reaffirm this Court's decisions in Pool, Balock and Gregory, supra. When statutory language provides the manner in which a city or town may annex a portion of contiguous property, it must completely and strictly comply with the statute's requirements. Annexation, and the taxation implications that accompany it, should not be approached lightly. The procedure should not be haphazard. Although Gregory reaffirmed the rule of substantial compliance, the complete failure to secure the documents necessary

to the proper annexation of property is not substantial
compliance.  The complete disregard of the mandates of what
is now section 7-2-4403, MCA, was an error fatal to the
City's power to annex.

As to this taxpayer's standing to challenge the annexa-
tion, we concur with the District Court's citation of the
applicable law.  Applying the rule of Sharkey v. Butte
(1916), 52 Mont. 16, 155 P. 266, the lower court quoted this
Court:  ". . . where such proceedings are void ab initio for
want of jurisdiction of the subject matter, as here, equity
will afford relief to the property owner whose taxes would
be increased if his property were included within the city's
limits."  52 Mont. at 23.  See also 62 C.J.S. Municipal
Corporations, § 66 at 178 (1949).

Having determined that the proceedings by the City of
Great Falls were indeed void at inception for want of proper
jurisdiction, we are convinced that this taxpayer has stand-
ing and is entitled to relief.  ~~Other affected taxpayers
who, like appellant, paid the assessments under protest
would also have an equitable right to relief for lack of
consent.  See 13 A.L.R.2d, supra, at 1292.~~

This Court is further persuaded that the principles of
estoppel do not serve to deny the taxpayer relief.  Although
the City cites our decision in Power v. City of Helena
(1911), 43 Mont. 336, 116 P. 415, and persuaded the District
Court that a failure by a taxpayer to protest a special
assessment or improvement tax when given an opportunity to
do so at a public hearing, estops the taxpayer from a later
challenge, the reliance on that decision is improper.  In
Power, the jurisdiction of the City to annex and assess was
not challenged as being void ab initio.  In that opinion,

-8-

although we found Power to have been estopped from challenging the assessment, we also wrote:

> "Of course, if the fact that plaintiff's property cannot receive any benefit from the improvement appeared from the face of the city's proceedings, the want of jurisdiction would be apparent, and a collateral attack upon the assessment could be maintained. But such is not the case here." 43 Mont. at 343. (Emphasis added.)

Where there is a substantial defect in the original proceedings, which operates to deprive a city of the jurisdiction to act from the outset, estoppel will not bar a taxpayer's prayer for relief.

We note with disapproval that this case, after submission to the trial judge, languished in the hands of the district judge some 415 days. In our opinion, this period between submission and decision was far too long and unnecessary. Judicial delay in this decision has caused additional costs to the City and unnecessary expense to the taxpayer.

For lack of the State's consent and failure of the City of Great Falls to comply with the requirements of the statute, we reverse.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-