FRED ISRAELSON AND PETER ISRAELSON, PLAINTIFFS
AND APPELLANTS, *v.* MOUNTAIN TRACTORS COMPANY,
INC., A CORPORATION, DEFENDANT AND RESPONDENT.

No. 11640.
Submitted March 11, 1970.
Decided March 24, 1970.
467 P.2d 149.

70

Lawrence H. Sverdrup, argued, Libby, for appellant.

Bone, Karlberg & Haddon, Sam E. Haddon, argued, Missoula, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by plaintiffs from a summary judgment for the defendant, entered in the district court of Flathead county before the Honorable Robert C. Sykes, district judge.

The plaintiffs instituted this action to recover damages for the fraudulent representation, or in the alternative a breach of contract, in the sale of an Allis-Chalmers tractor.

The complaint alleges that on or about July 24, 1959, the plaintiffs ordered from the defendant one new Allis-Chalmers HD-16. The terms of the purchase order were as follows:

"One-#082000-Allis-Chalmers HD-16 AC Tractor-w/22" Track Shoes-Wrap Around Radiator Guard-HD Track Roller Guards-HD Fenders-Tank Guards-Bottom Guard-Engine Side Guards-Hour Meter-Raincap-CD164 Angle Blade Dozer w/model 151 Front PCU-Carco Model A-3 Winch HD Logging Canopy" for

the sale price of $36,550.00. The tractor when delivered in midsummer 1959 was new, but instead of being a 1959 model it was a 1955 model, which had been acquired from Allis-Chalmers early in January 1957 and had been in defendant's yard and shop since that time. The equipment was used by the plaintiffs for some seven years when they filed their complaint on May 2, 1967. The complaint alleged that the defendant represented and warranted that the plaintiffs were purchasing a "new" tractor, that the defendant knew or should have known that the tractor was a 1955 model, rather than a "new" model and that plaintiffs relied upon the alleged misrepresentation in making the purchase of the tractor.

In order to evaluate the issues herein presented a review of the record is required. As hereinbefore noted the complaint was filed May 2, 1967. The defendant appeared May 25, 1967 and on August 11, 1967 answered, admitting the sale, denying any fraudulent representations and setting up the statute of limitations as an affirmative defense. On January 19, 1968 Judge Sykes ordered a pretrial conference which was held on February 8, 1968. No pretrial order was made following the conference. On motion of plaintiffs the case was taken off the trial calendar on March 7, 1968. A deposition was taken of Fred Israelson on October 2, 1968 and filed November 1, 1968. On November 12, 1968, defendant moved for summary judgment on the grounds that the pleadidngs and the deposition of Fred Israelson showed there was no genuine issue as to any material facts and that the defendant was entitled to a judgment as a matter of law. This motion was set for hearing on December 5, 1968. Summary judgment was entered on December 30, 1968, and on July 18, 1969 a memorandum was attached to the summary judgment, as amended under Rule 60 (a), M.R.Civ.P., and reading as follows:

"It is the Court's opinion that the Complaint fails to state a cause of action based upon breach of contract, and that the

statute of limitations has run on any cause of action arising from tort."

The issues raised are:

1. Whether there was any error in the procedure followed by the district court in ruling upon the defendant's motion for summary judgment.

2. Whether the district court erred in granting the motion for summary judgment?

 The plaintiffs take issue with the trial judge's procedure in hearing the summary judgment, noting that it was set for hearing on December 5, 1968, and alleging that on the afternoon of December 4, 1968 he was called by defendant's attorney, Keller, and asked if he would come up to the courthouse to discuss the matter before Judge Sykes. At the time of his appearance Mr. Keller stated his grounds for the motion: (1) that the deposition of Israelson showed that he had not relied on a portion of the contract which read "Manufacturer's list price in effect on the date of shipment plus freight will apply to this order. Excise and sales tax, if any, to be added. Delivery dependent upon availability"; (2) that an action in contract would not lie; and (3) the action based upon tort of fraudulent misrepresentations was barred by the statute of limitations. Plaintiffs stated that reliance was not an element of the contract action, the statute of limitations had not run, and it was a factual matter subject to proof.

We find no merit to plaintiffs' position, for call it what you may, the so-called meeting on December 4, 1968 (one day before the motion was set for hearing) was in fact a hearing on the motion. It was held with the consent of both court and counsel and is permissible under Rule 77(b), M.R.Civ.P. By the plaintiffs' own record no showing was made that they wanted or intendedd to produce any additional proof with regard to the issues raised by the motion for summary judgment. Therefore, the trial judge properly ruled on the motion of summary judgment. This Court in two recent decisions

set forth the criteria necessary for summary judgment in Silloway v. Jorgenson, 146 Mont. 307, 406 P.2d 167 (1965) and Brown v. Thornton, 150 Mont. 150, 432 P.2d 386 (1967).

██ The next issue raised addresses itself to whether the trial court was correct in granting the motion for summary judgment. Here plaintiffs argue that a fact issue exists on whether the statute of limitations had run on the claim for fraud. Our statute, section 93-2607(4), two year limitation, reads:

"4. An action for relief on ground of fraud or mistake, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

The interpretation of this statute has long been settled. See Kerrigan v. O'Meara, 71 Mont. 1, 227 P. 819; Lasby v. Burgess, 88 Mont. 49, 289 P. 1028; the rule being that the claim arises upon the occurrence of the fraud and not upon discovery with the exception of the person who can show that the act of fraud was committed under such circumstances that he would not be presumed to have knowledge of them. However, under this exception an obligation rests upon the aggrieved party to present facts to bring himself within the exception. He must show some affirmative act or representation, or its equivalent, designed to prevent and which did prevent here, discovery of facts by him. Too, he must show diligence.

██ Here the record is bare of evidence bringing plaintiffs within the exception. Fred Israelson's statements in his deposition do not bring the case within the requirements established by the Kerrigan or Lasby cases. It is admitted they used the equipment for seven years, that numerous repairs were made to it during that period, and the equipment was "new" when delivered. On its face the complaint shows that more than two years had elapsed from the date of sale to the day of filing the complaint. Clearly the claim is barred by

the statute of limitations. Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161.

Nor do we find merit in plaintiffs' contention their case is founded on tort and not contract. The complaint, and no effort was ever made to amend, even after defendant filed his motion for summary judgment, seeks damages for the difference between the value for what they claim to have bargained for and what they claim to have received—an *ex delicto* recovery. 5 Williston, Contracts, § 1523.

In a recent case of this Court, Quitmeyer v. Theroux, 144 Mont. 302, 311, 395 P.2d 965, we restated our law that "where the gravemen of the action is strictly *ex contractu* or *ex delicto* the statute of limitation applicable must necessarily be in conformity with the basis of the action." The plaintiffs having failed to state a claim in the complaint for a breach of contract, the tort statute is applicable.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICE CASTLES, concur.

MR. JUSTICE HASWELL deeming himself disqualified, did not participate.