No. 14584

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

ARTHUR A. GREGORY and
DOROTHY R. GREGORY,

Plaintiffs and Appellants,

vs.

THE CITY OF FORSYTH et al.,

Defendants and Respondents.

Appeal from:  District Court of the Sixteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellants:

Lee Overfelt argued, Billings, Montana

For Respondents:

William Meisburger argued, Forsyth, Montana

Submitted:  December 14, 1979
Decided:  FEB 19 1980

Filed: FEB 19 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiffs appeal from a final judgment of the Dictrict Court, sitting without a jury, in the Sixteenth Judicial District, in and for the County of Rosebud, in an action for refund of taxes paid under protest to the City of Forsyth. The District Court determined that the statute of limitations, section 93-2607(4), R.C.M. 1947, now section 27-2-203, MCA, barred plaintiffs' claim and that the disputed land was annexed to the City of Forsyth by acquiescence.

Plaintiffs, Arthur and Dorothy Gregory, are the owners of three parcels of real property located in Rosebud County, Montana. The Gregories purchased these parcels in 1964 and received a quitclaim deed as title. The deed described the parcels by metes and bounds and referred to one of the parcels as part of "Lord's Addition to Forsyth, Montana." Lord's Addition was platted and dedicated to the City of Forsyth in 1907. The deed did not specifically designate whether the other two parcels, "the disputed property" comprising one acre of land, were within the City of Forsyth.

From the time of the purchase until 1976, both the City of Forsyth and the Gregorys considered the disputed property to be inside the municipal boundaries of the city. Property taxes were regularly assessed and paid; city ordinances were enforced; and city services, including sewer, water, fire and police protection, were provided.

City maps dating back to 1938 and 1945 show the disputed property to be within city limits. Also, in 1961 after publication of notice, all of the city ordinances were recodified, and the disputed property was again included within city boundaries.

In 1967, for reasons unrelated to this appeal, Gregory obtained an abstract of title for his land and checked for mortgages, liens and satisfaction of liens. The abstract did not indicate whether the property was inside the city limits. In 1972, a plat of the Gregorys' land was prepared by a surveyor. The plat expressly defined the property, including the disputed portion, as "a parcel of land situated in the City of Forsyth, Montana."

It was not until 1976 that the Gregorys first suspected that part of their property was outside the city limits. In a conversation with a local resident, Gregory was told that his property was not annexed to the city. Upon investigation, Gregory discovered that the disputed property was not part of the dedicated Lord's Addition and had never been statutorily annexed. Thereafter the Gregorys paid their city taxes under protest.

On January 20, 1977, the Gregorys filed suit for recovery of the taxes paid under protest and for a judicial declaration that the disputed property is outside the city boundaries and therefore nontaxable. At trial on August 15, 1978, the only witness was Arthur A. Gregory. He testified that he thought the disputed property was inside the city limits by reason of the city maps he had observed posted on the door of the County Attorney's Office.

The District Court held, among other things, that the 1964 deed and 1967 abstract constituted means of knowledge sufficient to put the Gregorys upon inquiry as to the extent of the city limits and that their failure to discover the true facts within the time prescribed by the statute of limitations, section 93-2607(4), R.C.M. 1947 barred their claim. The court also concluded that the disputed property

was annexed by acquiescence. The plaintiffs appeal from that final judgment.

Three issues have been presented to this Court for review:

1. Whether failure to comply with the statutory annexation procedures for towns and cities defeats the city's claim that the subject property is within the city limits of Forsyth, Montana.

2. Whether the court erred in holding that the Gregorys' claim was barred by the statute of limitations.

3. Whether the court erred in holding that the Gregorys acquiesced to the inclusion of their land in the city and were therefore estopped from asserting the contrary.

The parties' argument for the most part is a shallow swipe at the second and third issues, i.e. the statute of limitations, diligence, discovery requirements and acquiescence. The first issue was carefully avoided and there was no in depth treatment of the necessity of compliance with statutory annexation procedures.

The general rule is that municipal boundaries may be extended only as prescribed by law. 2 McQuillin, Municipal Corporations § 7.14 at 317 (3rd rev. ed. 1979). Since the jurisdiction of a city to extend its boundaries is a special power, conferred by the legislature, a substantial compliance with all the mandatory requirements of statutory law is essential. McQuillin, supra, § 7.29 at 422; Pool v. Town of Townsend (1920), 58 Mont. 297, 304, 191 P.385, 386. In Pool, it was argued that certain land was brought within the town boundaries by common law dedication and also by the filing of a plat which displayed the land as within the Town of Townsend. This Court rejected these contentions and

held:

> "'In this state there is no common law in any case where the law is declared by the Code.' (Sec. 6213, Rev. Codes [Section 12-104, R.C.M. 1947, now section 1-1-108, MCA].) If then, the Codes provide the means by which an addition becomes a part of a city or town and subject to its jurisdiction, the means so provided must be held to be exclusive." Pool, supra, at 304, 191 P. at 386.

Montana's adherence to this view was recently underscored in Missoula Rural Fire District v. City of Missoula (1975), 168 Mont. 70, 540 P.2d 958. The City of Missoula urged that earlier law which provided for summary annexation of land "wholly surrounded" by a city (section 11-403, R.C.M. 1947, now sections 7-2-4501 to 7-2-4504, MCA) was sufficient authority for annexation by that method. This Court held that since summary annexation was not provided for under the Planned Community Development Act of 1973 (section 11-514, R.C.M. 1947, et seq., now section 7-2-4701, MCA, et seq.), the stated purpose of which was to develop a system for "adding to and increasing city boundaries" (section 11-515, R.C.M. 1947, now section 7-2-4703, MCA), it was excluded as a method of annexation. Missoula Rural Fire District, supra, at 74, 540 P.2d at 960-961.

There are important policy considerations which favor at least substantial compliance with statutory annexation procedure. The legislative history of Montana's annexation laws demonstrates that public notice and participation (particularly for the persons affected by a proposed annexation) are cardinal. There is, however, no argument to be heard that the statutory scheme for annexation is not exclusive.

The second issue concerns the application of the statute of limitations by the trial court, i.e., section 93-2607(4), R.C.M. 1947, now section 27-2-203, MCA.

Plaintiffs contend that the statute did not start to run until discovery of the facts by the aggrieved party. Ordinary diligence should be exercised in discovery. Ray v. Divers (1928), 81 Mont. 552, 264 P. 673, 675.

The gist of the City's argument is that plaintiffs did not exercise due diligence because of their failure to read the deed and abstract carefully. But these documents do not indicate whether the land is within the city limits. Rather, the city map formed the basis for plaintiffs' conclusion that the land was inside the city.

Reasonable diligence would require inspection of the city map and ordinance. These were the only direct official evidence of the City's boundaries. As such, any reliance on them was justified. Any other method would involve, first, an assumption the ordinance was defective, and second, a search of all annexation proceedings. Clearly, this is beyond the pale of reasonable diligence.

In fact, plaintiffs' discovery of the defect in the ordinance came as a result of a conversation with a local resident. The City contends that for the purposes of the statute of limitations, section 93-2607(4), R.C.M. 1947, the "discovery" requirements are identical to Israelson v. Mountain Tractors Co. (1970), 155 Mont. 69, 73, 467 P.2d 149, 152, wherein this Court explained that an aggrieved party must show some intentional concealment and diligence before he can rely on the discovery exception to the general rule that the statute begins running upon the occurrence of the fraud. Here, plaintiff admitted that there had been no concealment, and thus plaintiffs' cause of action expired in 1966.

Before addressing the parties' points of argument as to when the two year statute of limitations, section 93-2607(4), R.C.M. 1947, now section 27-2-203, MCA, started running, the issue of whether this statute of limitations applies to plaintiffs' claim deserves discussion. Section 27-2-203, MCA provides:

> "Actions for relief on ground of fraud or mistake. The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

In Opp v. Boggs (1948), 121 Mont. 131, 140, 193 P.2d 379, 385, this Court stated: "This section of our statute 'applies only to actions for fraud or mistake within the common acceptance of the term.'"

"Mistake" is defined in Black's Law Dictionary as "some unintentional act, omission or error arising from ignorance, surprise, imposition or misplaced confidence . . . A Mistake exists when a person, under some erroneous conviction of law or fact, does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted." Black's Law Dictionary 1152 (4th Ed. 1968). The "mistake" provision of section 93-2607(4) has rarely been discussed by this Court. In a suit for reformation and enforcement of a contract for the sale of corporate assets based on mutual mistake, this Court deemed the statute to be applicable and to have commenced running when the plaintiff realized the mistake. Favero v. Wynacht (1962), 140 Mont. 358, 373374, 371 P.2d 858, 866.

The mistake in the instant case was a mutual mistake of fact. Both the City and the Gregorys (as well as their

predecessors in title) erroneously believed the disputed property to be inside the city limits. Application of section 93-2607(4) thus appears to be appropriate.

The Gregorys contend the two year statute of limitations commenced running when they discovered in 1976 that the disputed land was not annexed or part of the dedicated Lord's Addition. They maintain that reasonable diligence would not require inquiry and ascertainment of facts inconsistent with the city ordinances and maps. The critical question is whether the Gregorys had either constructive or actual notice before 1976 of facts which should have put them on inquiry. Falls Sand and Gravel Co. v. Western Concrete, Inc. (D. Mont. 1967), 270 F.Supp. 495, 503-504. The District Court found the 1964 quitclaim deed and 1967 abstract constituted such notice. The deed merely described the parcels conveyed by metes and bounds. Apart from locating the parcels, the fact that one parcel was designated as part of Lord's Addition to Forsyth has no independent significance. As stated in American Min. Co. v. Basin & Bay State Min. Co. (1909), 39 Mont. 476, 482, 104 P. 525, 526:

> "We think the better rule to be established
> in this state is that the recording of the
> instrument is to be considered with other
> facts and circumstances in determining whether
> the plaintiff is to be charged with notice,
> either actual or constructive, but that the
> fact of recording alone will not so charge him."

Here, the record is clear that at least since 1938 the city maps and ordinances defined the disputed property to be within the City of Forsyth. Mr. Gregory testified that he relied on these official documents. The abstract likewise contains nothing to put the Gregorys on inquiry. The last page of the abstract indicates that all taxes were paid as of that date. It is also notable that in 1972, when the

-8-

Gregorys's property, including the disputed portion, was platted by a professional surveyor, the land was defined as "a parcel of land situated in the City of Forsyth, Montana." These circumstances, in combination with the City's active and continuing exercise of jurisdiction over the disputed property fail to constitute notice of any error in the designation of municipal boundaries.

The City lays great stress on the fraud cases construing the "discovery" element in section 93-2607(4). Israelson, supra; Lasby v. Burgess (1930), 88 Mont. 49, 289 P. 1028; and Kerrigan v. O'Meara (1924), 71 Mont. 1, 227 P. 819 are cases that require an affirmative showing of intentional concealment as a condition precedent to recovery under section 93-2607(4). However, these cases are all fundamentally distinguishable in that fraud, unlike mistake, is an intentional act of misrepresentation. Mistake, by definition, is unintentional.

Annexation can only be accomplished by statutory procedures as set forth, supra. However, we do not wish to leave the impression that acquiescence has no place in the law.

"The general rule that property owners are estopped by reason of long-continued acquiescence to question directly the validity of the extension of boundaries of a municipality seems to be well settled." 56 Am.Jur.2d Municipal Corporations § 80 at 134 (1971). See also, 2 McQuillin, supra, § 7.09 at 294. Although Montana has never recognized this principle, other jurisdictions have applied the doctrine of acquiescence to after-the-fact challenges of allegedly defective annexation proceedings. Annot., 101 A.L.R. 581 (1936); 18 A.L.R.2d 1255 (1951). Acquiescence has also been found to be probative

in ascertaining the location of municipal boundaries which, by their description, are uncertain or obscure. 2 McQuillin, supra, § 7.05 at 280, § 7.09 at 294; Town of Brookline v. Town of Newfane (Vt. 1966), 224 A.2d 908, 911; Crescent City v. Dodd (1933), 131 Cal.App. 153, 18 P.2d 999, 1001. However, "neither usage and custom nor contemporaneous construction will prevail over a plainly designated boundary line." 56 Am.Jur.2d Municipal Corporations § 41 at 103; Town of Stephens City v. Zea (1963), 204 Va. 82, 129 S.E.2d 14, 18. As stated in McQuillin, "the rule as to establishment of municipal boundaries by acquiescence does not apply where the period of acquiescence is short or where the boundary involved is clearly otherwise than claimed." McQuillin, supra, § 7.09 at 295 (emphasis added). See also, La Porto v. Village of Philmont (N.Y.App. 1976) 346 N.E.2d 503, 506; Crescent City, supra, at 1001; Town of Brookline, supra, at 911.

In the instant case, the boundaries of the City of Forsyth are clear. The City concedes that they do not encompass the disputed property. Furthermore, the Gregorys are not, by this suit, attacking the validity of annexation proceedings. No such proceedings were ever conducted. Therefore, the doctrine of acquiescence could not apply to these facts.

Therefore, we find the City of Forsyth failed to substantially comply with the annexation procedure and the property in dispute is not, therefore, subject to municipal taxes.

Under the circumstances of this case, the statute of limitations, section 93-2607(4), now 27-2-203, MCA, is deemed to have commenced running in 1976.

The doctrine of acquiescence does not apply to boundaries that are easily or clearly defined.

The judgment of the District Court is vacated and the cause remanded for further proceedings in conformity with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-11-