No. 86-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA, ex rel., LOREN S.
VRANISH, H. LEE TOWER, GALLATIN-MADISON
RANCH CO., a Montana corp., C. DALE and
LORETTA COLLINS, AL DYKSTERHOUSE, HENRY
DYKSTERHOUSE, et al.,

                              Relators,

        -vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF LEWIS & CLARK and THE
HONORABLE HENRY LOBLE, Presiding Judge, and
D.A. DAVIDSON & CO., INC.,

                              Respondents.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

        For Relator:

                Luxan & Murfitt; Michael J. Mulroney argued, Helena,
                Montana

        For Respondent:

                Hooks & Budewitz; Patrick F. Hooks, argued, Townsend,
                Montana
                Dorsey & Whitney; Edward J. Pluimer, Minneapolis,
                Minnesota

        Hon. Henry Loble, District Judge, Helena, Montana

---

                              Submitted: May 26, 1987
                                Decided: August 12, 1987

Filed: AUG 12 1987

*Ethel M. Harrison*
_____
                Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an original proceeding before the Montana Supreme Court. Relators are applying for a writ of supervisory control regarding an order issued by the District Court of the First Judicial District on September 30, 1986 denying their claim for punitive damages. We deny the application for a writ of supervisory control.

The issues in the application are:

1. Should relators be estopped from requesting Count 1 be treated as a separate and distinct common law fraud claim for punitive damages purposes where respondents allege relators have previously represented to the trial court that Count 1 is a statutory claim under the Montana Securities Act for statute of limitations purposes?

2. Did the trial court correctly rule that Count 1 of relator-plaintiffs' complaint was a statutory claim under the Securities Act and that it should be treated as such for all purposes under the litigation?

3. Did the trial court err when it dismissed relator's punitive damages claim for Count 3?

Relators filed their original complaint in February, 1982, and amended it in March, 1982 and December, 1983. The complaint is related to a 1976 purchase of limited partnership interests in a tax shelter known as Energy and Utility Coal Investments, Inc.

To avoid lengthy and potentially unnecessary discovery, both parties agreed that the statute of limitations issue should be settled prior to commencing discovery. On May 23, 1986, relators moved the trial court for a ruling that an eight-year statute of limitations applied to Count 1 of their

second amended complaint because it was part of a statutory claim under the Securities Act of Montana, § 30-10-307, MCA. The trial court found that Count 1 of the amended complaint is a claim brought under the Securities Act and ordered that the eight-year statute of limitations in § 27-2-202(1), MCA, is applicable to all three counts.

Respondent D. A. Davidson filed two subsequent motions which were orally argued. The first motion sought clarification of the statute of limitations applicable to Count 1 and requested the Court to treat Count 1 consistently for all purposes in the litigation.

The second motion requested the dismissal of plaintiff's punitive damages claim since D. A. Davidson alleges the order found Counts 1 and 2 to be Security Act claims and Count 3 to be a breach of contract claim also under the Securities Act with the result that no punitive damages were recoverable.

On September 30, 1986, the District Court granted both of respondents' motions and relators appeal the second motion denying the punitive damages claims as to Counts 1 and 3 but not as to the second count.

Relators bring this original proceeding for a writ of supervisory control on the dismissal of their punitive damages claim. The case is properly before this Court as this appears to be the only adequate remedy available to relators because the question of damages would necessitate a complete retrial of the matter.

Relators argue that their complaint is a civil securities action alleging common law fraud and mistake and a violation of § 30-10-307, MCA, in connection with respondent's sale to relators of limited partnership interests in a coal tax shelter. In their application, they claim Count 1 of the amended complaint charges common law fraud on the part of the defendant; Count 2 charges

securities law violations; and Count 3 charges breach of contract with the later two counts incorporating by inference the allegations of the preceding counts. They argue it was error to dismiss their punitive damages claim with respect to the common law fraud alleged in Count 1 and with respect to their breach of contract allegation in Count 3.

Relators contend the trial court erred in concluding that since the action included the statutory claim, all counts were limited in recovery to the remedy provided by the Civil Securities Act under § 30-10-307, MCA, which does not provide for punitive damages. They argue here that Thiel v. Taurus Drilling Ltd. 1980-II (Mont. 1985), 710 P.2d 33, 41 St.Rep. 152, did not limit the eight-year statute of limitations period to just statutory claims. Instead they argue Thiel holds that the eight-year statute of limitations covers "civil actions" brought pursuant to § 30-10-307, MCA, and that Count 1 of this action is part of just such a "civil action" brought pursuant to this statute.

The Thiel case dealt primarily with the question of which statute of limitations should apply to an action in a securities case. In that case this Court stated:

> It is, of course, possible to allege several individual causes of action based upon the same injury. A court may be obligated to segregate plaintiff's various claims and apply separate statutes of limitations to each. Multiple periods of limitation could apply to the same case. Construing this theory of election of remedies with reference to statute of limitations, the United States Supreme Court has stated:
>
> " . . . If the choice of statute of limitations were dependent upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach, different statutes of limitations would

- 4 -

> be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute. Wilson v. Garcia (1985), ___ U.S. ___, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254."
>
> We appreciate the logic of this analysis and see no reason why it should not be followed in securities cases, where claims of fraud, statutory violation, breach of fiduciary duty, and breach of contract may all spring from the same injury.

Thiel at 38.

Relators contend the Thiel court in essence sanctioned statutorily provided punitive damages from § 27-1-221, MCA, for a fraud count, such as their Count 1, when it specifically recognized that different periods of limitation should not be applied to different counts. Under this analysis they contend: (1) there may be different counts in a civil securities action; (2) each count carries an eight-year statute of limitations; and, (3) plaintiffs, in such actions, are entitled to the damages each count provides if they met the requisite burden of proof.

While we believe these final three contentions do have merit, we note respondent's contentions paint a different picture of the controversy. Respondent argues the relators should be estopped from now claiming Count 1 is a separate and distinct common law fraud claim after having successfully argued below that Count 1 is not such a claim but is part of a statutory claim brought pursuant to the Securities Act.

To address this issue we must consider both the August 18, 1986 Order which allowed relators to utilize an eight year statute of limitation and which found that Count 1 was brought under the Securities Act and the September 30, 1986

Order which dismissed relators punitive damages claim under Count 1.

Relators' memorandum supporting its motion for an eight-year statute of limitations read as follows:

> Count One of Plaintiffs Second Amended Complaint in this action is part of a <u>civil action</u> brought pursuant to § 30-10-307 M.C.A. and is thus covered by the eight-year limitation period. (Emphasis in original.)

The District Court found:

> Count One is a claim brought under the Securities Act. Therefore, in accordance with <u>Thiel</u> the eight-year limitations period of § 27-2-202(1), MCA, is applicable to Count One of plaintiffs' Second Amended Complaint.

Relators now say:

> Count One of the Second Amended Complaint charges common law fraud on the part of the defendant.

Relators represented to the trial court that Count 1 was a statutory claim and the court found it to be characterized as such. A court will consider those issues placed before it by the parties. Relators are estopped from now arguing Count 1 is not a statutory claim but a common law fraud claim.

Further, we find no error by the trial court in the characterization of Count 1 as a statutory claim. The trial court recognized that each count could be interpreted as sounding in contract, tort or statutory violation but found the essence of Count 1 was the alleged violation of the Montana Securities Act. It correctly concluded Count 1 could not be characterized as one claim for statute of limitations purposes but characterized as another type of claim for damages purposes. This Court has previously found it is imperative to characterize and treat each claim consistently for all purposes in the litigation. Israelson v. Mountain Tractor Co. (1970), 155 Mont. 69, 467 P.2d 149.

- 6 -

So long as this rule is applied consistently for all relevant purposes, the benefits and burdens of pursuing or defending a certain theory are fairly distributed in accordance with the law. We find no error on this issue.

Since we have found no error in the characterization of relator's Count 1 as a statutory claim we further conclude that the eight-year statute of limitations applies to this case and relators are not entitled to seek punitive damages under their Securities Act claims.

Relators third argument is that the trial court erred in dismissing their claim for punitive damages under Count 3 of their second amended complaint. In that count, relators assert a breach of contract and argue that the defendant violated an implied covenant of good faith and fair dealing in connection with that breach. They contend the trial court erroneously and prematurely ruled on the punitive damages claim with respect to Count 3. They further contend that discovery was not complete and facts were not yet developed on this count so the decision which held punitive damages were not available in this action effectively dismissed Count 3 as well as Count 1 discussed above.

D. A. Davidson, in contrast, argues that the trial court did not err when it held that Count 3 was also a claim brought pursuant to the Montana Securities Act. They claim that while either characterization of Count 3 as a breach of contract case or as a statutory violation is plausible, the outcome would be the same under both characterizations because relators would be entitled to an eight-year statute of limitations but could not seek punitive damages.

They contend Count 3 has never been a claim for breach of the implied covenant of good faith and fair dealing but is solely a breach of contract claim, the two being entirely different claims.

In its analysis of Count 3, the District Court concluded that the Count was brought under the Securities Act of Montana, as well as pursuant to principles of common law fraud and for damages for breach of a contractual obligation. The District Court further pointed out that in Count 3, the plaintiffs incorporated both Counts 1 and 2, which both constitute Securities Act claims. For these reasons, the District Court concluded that Count 3 was a claim brought pursuant to the Securities Act in the same manner as was true with Counts 1 and 2. We approve that analysis by the District Court. We also point out that to the extent that Count 3 is classed as a breach of contract claim, punitive damages are not recoverable under Lemley v. Allen (1983), 203 Mont. 37, 659 P.2d 262.

Section 30-10-307, MCA, which is a part of the Securities Act, provides that any person who offers or sells a security in violation of specified sections or offers or sells a security by means of fraud or misrepresentation is liable for the consideration paid for the security, together with interest at 10 percent, costs and reasonable attorney fees, less the amount of any income received on the security. If there is a sale of a security by means of fraud, as alleged in the pleadings, it specifically comes under the provisions of § 30-10-307, MCA, which allows recovery only of the consideration paid for the security plus interest, costs and attorney fees. This is a specific legislative limitation on the right of recovery of damages in such a transaction. We have concluded that the complaint essentially sets forth claims under the Securities Act. That was the basis for application of the eight-year statute of limitations. We conclude that it would be inconsistent to allow the plaintiff to remain in court under the eight-year statute of limitations because the claims are under the Securities Act

and yet disregard the limitation upon damages set forth in the same Securities Act.

We affirm the holding of the District Court in its dismissal of the punitive damages claim as to Count 3.

Relator's writ of supervisory control is denied.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice L. C. Gulbrandson:

I concur with the result, but not with all that is said in the foregoing decision.

_____
Justice