No. 95-264

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CITY OF FORSYTH,

Plaintiff and Respondent,

V.

RONALD ALLISON,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ronald Allison, Forsyth, Montana (pro se)

For Respondent:

Lee R. Kerr, Rosebud county Attorney, Forsyth,
Montana

FILED

DEC 12 1995

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: November 2, 1995

Decided: December 12, 1995

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant, Ronald Allison (Allison), was convicted by a jury in the Sixteenth Judicial District Court, Rosebud County, of a misdemeanor for failing to obtain a city business license. He appeals his conviction.

We affirm.

Appellant raises three issues, which we restate as follows:

1. Did the District Court err in finding that Allison's business was located within the Forsyth city limits?

2. IS the City of Forsyth's business licensing scheme unconstitutional or discriminatory?

3. Did the District Court rely on perjured testimony by the city clerk in obtaining a conviction?

FACTS

Appellant, Allison, owns and operates "King's Muffler," located in Forsyth, Montana. The land upon which Allison operates his business was reserved on an original plat of the City of Forsyth by the Northern Pacific Railroad Company. On the plat, the land is designated as "reserved for railroad purposes."

In May 1994, the City of Forsyth filed a complaint in City Court against Allison for failure to obtain a business license in violation of § 5-1-2 of the City of Forsyth Codes. In September 1994, a jury found Allison guilty of this misdemeanor offense. Allison then filed an appeal in the District Court.

Prior to trial, Allison contested the City of Forsyth's jurisdiction over his business and filed a motion to dismiss. In

2

response, the District Court issued an order allowing Allison access to all relevant public records, and asked both Allison and the City of Forsyth to submit briefs on the issue of whether the property is within the legal boundaries of the City of Forsyth.

After the parties submitted their briefs, the District Court denied Allison's motion to dismiss and found the reserved land to be within the city limits for all purposes except the platting of streets, alleys and lots. Allison filed a notice of appeal to this Court, and refused to attend the District Court trial held on March 31, 1995. Trial was held without him, and the jury returned a guilty verdict.

## ISSUE 1

Did the District Court err in finding that Allison's business was located within the Forsyth city limits?

Allison filed a pretrial motion to dismiss alleging that his muffler shop was not within the jurisdiction of the City of Forsyth. The District Court denied the motion and in doing so found that Allison's shop was within the city limits and therefore subject to the city's licensing requirements. The standard of review for findings by a district court is whether the court's findings are clearly erroneous. Bradshaw v. Bradshaw (1995), 270 Mont. 222, 229, 891 P.2d 506, 510.

When reviewing a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff and considers the allegations of the complaint as true. Rule 12(b)(6), M.R.Civ.P.; Kelman v. Losleben (1995), 271Mont. 156, 894 P.2d 955.

Allison argues that because the city ordinance only applies to

3

businesses operating within the city limits of Forsyth, he cannot be charged with failure to obtain a license. Allison contends his business is not within the city limits. Allison bases his claim on the original plat of the City of Forsyth, in which the proprietor, Northern Pacific Railroad Company, reserved certain property for "railroad purposes." The muffler shop is located upon such a reservation. Allison claims that the City of Forsyth has never taken action to include this property within its boundaries, and therefore, the business is located outside the city limits, citing Gregory v. City of Forsyth (1980), 187 Mont. 132, 609 P.2d 248. In that case, this Court found discrepancies existed in the City of Forsyth's boundaries. Allison argues that the Gregory case "casts doubt on the remainder of the city property." Allison further contends that the Gregory case "mandates" that when there is ambiguity as to whether property is within the city's jurisdiction, the city must go through certain annexation procedures; and since the area upon which his shop is located has never been annexed it is outside the domain of the City of Forsyth.

In response to Allison's motion to dismiss, the City of Forsyth contends the reservation does not exclude the reserved property from the **city limits.** Rather, the reservation only excepted the property from being platted into blocks, lots, streets, and alleys. Furthermore, the City of Forsyth argued that the Gregory case dealt with property located outside of the city that had not been annexed. In this case, the property is within the boundaries of the city, and has been zoned as industrial property.

4

In support of its argument, the City of Forsyth submitted an affidavit from an appraiser from the Department of Revenue. The appraiser stated that he had considered the question of whether the railroad property was within city limits on "numerous occasions." In order to answer the question he had mapped out the described boundaries of the City of Forsyth using the original legal description. After doing so, the appraiser concluded the property in question was within the city boundaries. At the time the original plat was drawn, the railroad company was the sole owner of Forsyth and the company reserved the railroad right-of-way for its own use; it did not exclude the reservation from the boundaries of the city.

In its order denying the motion to dismiss, the District Court agreed with the City of Forsyth. The court found that the areas marked "reserved for railroad uses" merely kept the reserved property from being platted, and therefore Allison was subject to the City of Forsyth's business licensing ordinance.

The District Court's determination is not clearly erroneous and we therefore affirm its conclusion that Allison's muffler shop is located within the City of Forsyth for the purposes of city licensing, and subsequent denial of Allison's motion to dismiss.

ISSUE 2

Is the City of Forsyth's business licensing scheme unconstitutional or discriminatory in nature?

On appeal, we review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Section 46-20-701(2), MCA; State v. Courchene

5

(1992), 256 Mont. 381, 385, 847 P.2d 271, 273. Section 46-20-104, MCA, provides that if the defendant fails to make a timely objection during the trial, the objection is waived, except as provided in § 46-20-701(2), MCA, which reads in part as follows:

> 46-20-701. Elements of record court considers on review -- errors noticed.
> . .
> (2) Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. **No claim alleging an error affecting jurisdictional or constitutional rights maybe noticed on appeal, if the alleged error was not objected to as provided in 46-20-104,** unless the defendant [convicted person] establishes that the error **was prejudicial as** to his guilt or punishment **and** that:
> (a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
> (b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant [convicted person] or his attorney that prevented the claim from being raised and disposed of; or
> (c) material and controlling facts upon which the claim is predicated were not known to the defendant [convicted person] or his attorney and could not have been ascertained by the exercise of reasonable diligence.
> (Emphasis added.)

Allison's claim that the licensing requirement is unconstitutional may create prejudicial error, but his claim does not meet any of the three requirements listed in the statute. See State v. Cain (1986), 220 Mont. 509, 514, 717 P.2d 15, 18. If Allison wished to raise the issue of the constitutionality of the licensing requirement, he should have raised it at trial. Instead Allison chose not to participate in the trial. His appeal rests solely on the District Court's pretrial denial of a motion to dismiss based on a factual finding that his business is within the city limits.

6

The constitutionality of the City of Forsyth's licensing requirements was never properly before the trial court for adjudication. Because we do not consider issues raised for the first time on appeal we decline to review the question of whether the licensing requirement is unconstitutional.

<u>ISSUE 3</u>

Did the District Court rely on perjured testimony by the city clerk in obtaining a conviction?

On appeal, Allison objects to the testimony of the city clerk stating that Allison had obtained a business license prior to 1994. Allison asserts that he has never obtained a business license, and that the testimony was therefore untrue.

Again, the issue was not preserved at the District Court level. Allison failed to object to the testimony at trial. Going through the same analysis as provided in Issue 2, Allison fails to establish the threshold requirement of prejudicial error under § 46-20-701, MCA. Even if the testimony of the city clerk was incorrect, whether Allison purchased a business license prior to 1994 bears little if any relevance to his conviction. Allison's subsequent assumption that the rest of the city's testimony is "tainted" and that he did not receive a fair trial is a mere allegation which has not been substantiated on appeal.

We affirm the District Court.

_____
                          Justice

We Concur:

_____
          Chief Justice

7

W. William Rehnquist

Justices

December 12, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Ronald Allison
390 North 10th Ave.
Forsyth, MT 59327

Hon. Joseph P. Mazurek, A.G.
Elizabeth Griffing, Assist. Attorney General
Justice Bldg.
Helena, MT 59620

Lee R. Kerr
Rosebud County Attorney
P.O. Box 69
Forsyth, MT 59327

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy